UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 16-181-1 (CRC) |
| | ) |
| v. | ) |
| | ) |
| RAYMUNDO SANCHEZ LOPEZ, | ) |
| also known as "Zapata," | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

The United States of America, through the Narcotic and Dangerous Drug Section (hereinafter, this "Office") of the Criminal Division, United States Department of Justice (hereinafter, the "United States" or "government") and RAYMUNDO SANCHEZ LOPEZ ("the Defendant"), enter into the following Plea Agreement ("Agreement"):

1. **Charge.** The Defendant knowingly and voluntarily agrees to plead guilty to Count One of the Indictment, which charges the Defendant with knowingly, willfully, and intentionally conspiring with others known and unknown to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, intending, knowing, or having reasonable cause to believe that these controlled substances will be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and 960(b)(1)(B)(ii), all in violation of Title 21, United States Code, Section 963, and Title 18, United States Code, Section 2.

2. The United States agrees to seek dismissal of Count Two of the Indictment, as it relates to this Defendant, at sentencing.

3. The Defendant acknowledges, and will reaffirm at the time of his plea of guilty, the truth of the attached Statement of Facts, which is incorporated herein.

4. **Potential penalties, assessments, and restitution.** The Defendant understands that the crime to which the Defendant is pleading guilty carries a statutory maximum term of life imprisonment, a fine not to exceed $10,000,000, and a period of supervised release of at least five (5) years. The Defendant also understands that he will not be able to withdraw his guilty plea if he believes the sentence imposed by the Court is too harsh.

5. The Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 959, 960, 963 is ten (10) years imprisonment, followed by a five (5) year period of supervised release.

6. The Defendant further understands and acknowledges that, in addition to any sentence imposed, a special assessment in the amount of $100 will be imposed. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

7. **Potential Sentence.** Although not binding on the Court, or the Probation Office, the parties agree that the Sentencing Guidelines calculation, based on the applicable law as of the date of this Plea Agreement, is as follows: The Defendant and the government agree that the Defendant is accountable for between 150 and 450 kilograms of cocaine, and pursuant to Section 2D1.1 of the Sentencing Guidelines, the base offense level to which the Defendant is pleading guilty is a level 36.

8. The government will recommend at sentencing that the base offense level be decreased by three levels pursuant to Section 3E1.1. The government will not be required to make this recommendation under Section 3E1.1 if the defendant fails to timely notify the government of his intention to enter a plea of guilty; fails or refuses to make a full, accurate, and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense conduct; commits any misconduct after entering this Plea Agreement; fails to withdraw

2

any pending motions or files any subsequent motions that are inconsistent with this Plea Agreement; or attempts in any way, either directly or indirectly, to interfere with the extradition process, or the availability of co-conspirators or witnesses in the United States or a foreign country.

9.   The government agrees not to seek, pursuant to Section 3B1.1, an adjustment to the offense level based upon the role the Defendant played in committing the offense. The Defendant agrees not to seek an adjustment for mitigating role pursuant to Section 3B1.2. Otherwise, both the government and the Defendant are free to request or oppose any upward or downward variances based on the facts and the law related to the case. If the Defendant seeks relief pursuant to the "Safety Valve" provision of 18 U.S.C. Section 3553(f) or Sections 5C1.2 or 2D1.1(b)(17) of the Sentencing Guidelines, the government is free to oppose it on any grounds.

10.   The Defendant understands that the Court will impose sentence after considering the advisory Sentencing Guidelines. The parties understand that the presentence report will include a calculation of the advisory guideline range. The Court is not bound to impose a sentence within the advisory guideline range, and the Court's sentence may be more or less severe than the advisory guideline range. The Court however has the authority to impose any sentence up to the statutory maximum. The Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by any party.

11.   The United States and the Defendant will inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.

12.     **Pre-Sentencing Detention.**  The Defendant agrees that, pursuant to Title 18, United States Code, Section 3143, he shall remain detained without bond pending his sentencing in this case.

13.     **Use of Statements.**  The Defendant acknowledges discussing with his counsel Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a Defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  The Defendant knowingly and voluntarily waives the rights which arise under these rules.  As a result of this waiver, the Defendant understands and agrees that any statements which are made in the course of his guilty plea will be admissible against him for any purpose in any criminal or civil proceeding if his guilty plea is subsequently withdrawn.  Moreover, in the event his guilty plea is withdrawn, he agrees that the government will be free to use against him in any criminal or civil proceeding any statements made during the course of any debriefing conducted in anticipation of this Agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

14.     In the event that the Defendant is ever a witness at any trial or other judicial proceeding or presents arguments or evidence through other witnesses, or his counsel and his testimony or such arguments or evidence presented through others is different from, contradicts or in any manner is inconsistent with statements made or information supplied by him pursuant to this Agreement, the attorney for the United States may cross-examine the Defendant and other witnesses concerning any such prior statements or evidence.  Evidence regarding such statements or information, including information previously provided by the Defendant during plea

4

negotiations, may also be introduced by the United States as evidence, including at his sentencing hearing.

15. Nothing in this Agreement shall be construed to prohibit the United States from using any statements, information, documents, or physical evidence obtained from the Defendant pursuant to this Agreement to prosecute him for perjury, false statement, and/or obstruction of justice or any other offense committed by him.

16. This Office reserves the right to dispute sentencing factors or facts material to sentencing and to use any information or material, whether or not obtained from the Defendant pursuant to this Agreement, to correct any factual errors or inconsistent arguments on positions asserted by the Defendant.

17. **Breach of Agreement.** The Defendant understands that his compliance with each part of this Agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of this Agreement is a violation of this Agreement.  The Defendant further understands that in the event that he violates this Agreement, the government, at its option, may either move to vacate this Agreement, rendering it null and void, and thereafter prosecute the Defendant not subject to any of the limits set forth in this Agreement, or to resentence the Defendant.  The Defendant understands and agrees that in the event that this Agreement is breached by the Defendant, and the government elects to void this Agreement and prosecute the Defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the Defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

18.     **<u>Criminal Forfeiture.</u>** The Defendant agrees to forfeit and give to the United States, or another government as requested, prior to the date of sentencing any right, title and interest which the Defendant may have in any asset, located within the jurisdiction of the United States or elsewhere, including but not limited to cash assets, negotiable instruments, securities, property or other things of value, including any and all property which has been transferred or sold to or deposited with any third party, known or unknown by the Defendant for a period of not less than ten (10) years prior to the date of the signing of this Agreement that were involved in, used in, intended for use in, or obtained through narcotics violations, as well as any asset, interest, or proceeds the Defendant received or could receive or cause to be received by a third party in the future, directly or indirectly, in whole or in part, from the Defendant's illegal activities. The Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, or

another government as requested, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property covered by this Agreement is subject to forfeiture as proceeds of illegal conduct.  This provision applies to the fifty thousand ($50,000) USD previously forfeited by the Defendant to the United States.

19.     The Defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph.  It is also understood that the Defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500.

20.     If, at any time during the Defendant's compliance with this Agreement, this Office determines that he has provided any information or evidence that is not truthful or complete, or if he does not submit to interviews regarding all assets upon request, the obligations of the United States under this Agreement may be terminated by this Office.

21.     **Waiver of Appellate Rights.**  The Defendant is aware that Title 18, United States Code, Section 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this Agreement, the Defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, including any challenges to the constitutionality of the Sentencing Guidelines, unless the sentence exceeds the maximum permitted by statute or results from an upward departure from the guideline range established by the Court at sentencing.  Additionally, the Defendant waives any right to have facts that determine his

sentence under the Guidelines alleged in the Indictment or found by a jury beyond a reasonable doubt. The Defendant further agrees to waive his right to appeal the finding of guilt as well as the sentence imposed. The Defendant further understands that nothing in this Agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall be released from the above waiver of appellate rights. By signing this Agreement, counsel for the Defendant acknowledges that he has discussed the appeal waiver with the Defendant and that defense counsel, along with the prosecutor, will request that the District Court enter a specific finding regarding the Defendant's knowing and voluntary waiver of his right to appeal the sentence imposed and his waiver of his right to appeal the finding of guilt, as set forth in this Agreement.

22. **Waiver of Constitutional and Statutory Rights.** The Defendant agrees to waive all rights he would have if he chose to go to trial, including without limitation, his rights to a jury trial with the assistance of an attorney; to confront and cross examine Government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to pursue any affirmative defenses and present evidence; and to any further discovery from the Government either now or at any future time, including at sentencing. The Defendant understands that by waiving further discovery in this case, this includes any right he may have to further discovery about the Government's witnesses or case, under Rule 16 (discovery and inspection) and Rule 26.2 (witness statements) of the Federal Rule of Criminal Procedure, and pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), or their progeny. Understanding the aforementioned rights and facts, and in

exchange for the undertakings made by the United States in this Plea Agreement, the Defendant knowingly, intelligently, and voluntarily waives all of these rights.

23. The Defendant also agrees that with respect to Count One to which he is pleading guilty, that he is not a "prevailing party" within the meaning of the "Hyde Amendment," Title 18, United States Code, Section 3006A note, and that he will not file a claim under that law.

24. The Defendant also waives any right to have facts that determine his sentence under the Guidelines alleged in the Indictment or found by a jury beyond a reasonable doubt. The Defendant further agrees that the Court shall find at sentencing by a preponderance of the evidence any facts that determine his sentence under the Guidelines.

25. In addition to the waiver of any other right resulting from his plea, the Defendant waives, without limitation, any right to challenge or appeal any claim—including those specifically raised—that the Defendant and his crimes were not subject to the jurisdiction of the United States.

26. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a. The Defendant also hereby waives his right to file any collateral attack on his conviction or sentence, including a petition under Title 28, United States Code, Section 2255, or Title 28, United States Code, Section 2241, except that the Defendant reserves his right to claim that his counsel was ineffective in connection with the negotiation of this Plea Agreement, the entry of his guilty plea, or the arguments made at sentencing.

27. By signing this Plea Agreement, the Defendant and counsel for the Defendant acknowledge that they have discussed the appeal waiver with each other, and that defense counsel, along with the prosecutor, will request that the Court enter a specific finding regarding the Defendant's knowing and voluntary waiver of his right to appeal the finding of guilt, his conviction, and the sentence imposed, and his knowing and voluntary waiver of any other rights identified in paragraphs twenty-one (21) through twenty-eight (28).

28. **Removal.** The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to a drug trafficking offense, removal is presumptively mandatory. Because removal and other immigration consequences are the subject of a separate proceeding, the Defendant understands that no one, including the Defendant's attorney(s) or the District Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

29. **Conclusion.** The Defendant represents to the Court that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is in fact guilty, and represents to the Court that he is fully satisfied with the legal advice, guidance and representation he has received from his attorney.

30. The Defendant also represents that he is competent to enter the plea and has been able to understand and aid in his own defense.

31.     The Defendant agrees, if his conviction is vacated, that the statute of limitations and his speedy trial rights will be tolled from the date that this plea agreement is signed, until the date the Defendant makes his initial appearance before the District Court after the Defendant's conviction is vacated, with respect to any prosecution that is not time barred on the date of this agreement. The Defendant agrees that venue is proper in the District of Columbia and waives any claim of lack of venue.

32.     This Agreement only binds the Narcotic and Dangerous Drug Section, Criminal Division, United States Department of Justice. It does not bind any other office or agency of the United States Government. These other offices and agencies remain free to prosecute the Defendant for any offense(s) committed within their respective jurisdictions.

33.     There are no other agreements, promises, understandings or undertakings between the Defendant and the government. The Defendant understands and acknowledges that there can

(continued on next page)

be no valid addition or alteration to this Agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

                                            Respectfully submitted,

                                            ARTHUR WYATT, CHIEF
                                            Narcotic and Dangerous Drug Section
                                            Criminal Division
                                            U.S. Department of Justice

Date: 8/9/17                       By: _____
                                            Emily Cohen, Trial Attorney
                                            Adrienne Rose, Trial Attorney
                                            Narcotic and Dangerous Drug Section
                                            Criminal Division
                                            U.S. Department of Justice

                    Approved By: _____
                                            Amanda Liskamm

Date: 8/7/17                                           Deputy Chief

## DEFENDANT'S ACCEPTANCE

I have reviewed this Plea Agreement, and have discussed it at length with my attorney. This Plea Agreement has been translated into Spanish for me. I understand that the English version controls. I fully understand this Plea Agreement and agree to it. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one (1).

I reaffirm that no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

_Raymundo Sanchez Lopez_  08/09/17
Raymundo Sanchez Lopez          Date
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant, with the aid of an interpreter, the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Plea Agreement with the Defendant. The Defendant is entering into this Plea Agreement voluntarily, intelligently and with full knowledge of the consequences of the Defendant's plea of guilty.

_A. Eduardo Balarezo_           8/T/17
A. Eduardo Balarezo              Date
Attorney for Defendant