UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CRIMINAL NO. 16-181-1 (CRC) |
| v. | ) |
| **RAYMUNDO SANCHEZ LOPEZ,**<br>also known as "Zapata," | ) |
| **Defendant.** | ) |

## STATEMENT OF FACTS

Were this case to proceed to trial, the United States of America (hereinafter "government") would prove the Defendant guilty at trial beyond a reasonable doubt. The government and the Defendant agree to the following:

1.  From in or around May 3, 2016 and up to and including October 6, 2016, in Belize, the Dominican Republic, Mexico, the United States, and elsewhere, the Defendant, RAYMUNDO SANCHEZ LOPEZ (hereinafter, "the Defendant") did knowingly, willfully, and intentionally conspire with others known and unknown to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, intending, knowing, or having reasonable cause to believe that these controlled substances will be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and 960(b)(1)(B)(ii), all in violation of Title 21, United States Code, Section 963, and Title 18, United States Code, Section 2.

2.  The object of the conspiracy was to transport 400 kilograms of cocaine from off the coast of Mexico, through Mexico, and into the United States for ultimate distribution in the United States, including New York, New York.

3. Throughout the time frame of the charged conspiracy, the Defendant worked in association with other individuals in Mexico and other locations to coordinate the purchase, transportation, and distribution of cocaine.

4. Throughout the time frame of the charged conspiracy, the Defendant's actions in furtherance of the conspiracy included, but were not limited to, communicating with individuals using BlackBerry Messenger and telephone to discuss the purchase and transportation of cocaine for ultimate importation into and distribution in the United States, as well as traveling to Belize and the Dominican Republic to negotiate and reach an agreement with individuals related to the purchase and transportation of cocaine for ultimate importation into and distribution in the United States.

5. Specifically, in BlackBerry messages and telephone calls between May and July 2016, the Defendant communicated with individuals about the maritime transportation of cocaine that would be received by the Defendant off the coast of Mexico and transported by the Defendant, through Mexico into the United States, for further distribution.

6. In June 2016, the Defendant and co-conspirator ALBERTO ORTEGA-FLORES traveled to Belize to meet with individuals and reach an agreement about the purchase and transportation of 400 kilograms of cocaine, which would be received off the coast of Mexico for importation into the United States. Of the 400 kilograms of cocaine, the Defendant agreed to transport 200 kilograms to New York, New York for further distribution. During the meeting, the Defendant directed ORTEGA-FLORES to identify locations that would be used as a transfer point to receive a cocaine shipment. At this meeting, the Defendant and ORTEGA-FLORES agreed on the purchase price of cocaine, quantities of cocaine to be purchased and transported, purity of the cocaine, and the breakdown of transportation expenses to move the cocaine from

Mexico to New York. The Defendant, ORTEGA FLORES, and other individuals discussed the location coordinates to be used to transfer cocaine off the coast of Mexico and agreed to use a set of code when the boat captains communicated over radio frequency at the time of the cocaine transfer.

7. In August 2016, the Defendant traveled to the Dominican Republic and met with individuals to further discuss logistics related to the transportation of the 200 kilograms of cocaine that the Defendant would further distribute in New York, New York. At this meeting, they further discussed the breakdown of expenses to import cocaine into and further distribute cocaine in New York, New York, pricing information for the sale of cocaine in New York, and the method to transport cocaine by land into and throughout the United States. They also planned a future meeting in order for the boat captains to meet prior to the cocaine transfer.

8. Following the meeting in the Dominican Republic, the Defendant provided ORTEGA-FLORES's contact information to other individuals in order for the boat captains to finalize logistics regarding the cocaine transfer off the coast of Mexico. In September 2016, the Defendant directed ORTEGA-FLORES to coordinate with another boat captain regarding the final details of the cocaine transfer. The Defendant also purchased airplane tickets for the Defendant and ORTEGA-FLORES to travel to the Dominican Republic in the days leading up to the cocaine transfer.

9. This Statement of Facts does not purport to include all of the Defendant's illegal or relevant sentencing conduct during the course of his conspiracy. Nor does it purport to be an inclusive recitation of all that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or those of him co-conspirators. The Defendant acknowledges there are additional details about his involvement in the drug trafficking conspiracy that are not included

in this statement. The purpose of this limited statement is to show that the Defendant is guilty of the crime to which he is pleading guilty. It represents enough information for the Court to find a factual basis for accepting the Defendant's guilty plea.

10. The above-described acts were in all respects intentional and deliberate, reflecting an intention to do something the law forbids, and were not in any way the product of any accident, mistake of law or fact, duress, entrapment or public authority defense. Furthermore, the Defendant is competent to understand the charges against him, this Agreement and Statement of Facts, and the advice of his attorney. He is entering into this Agreement with a full understanding of its meaning and effect.

11. This court has jurisdiction over the offense charged, venue is proper in the District of Columbia, and the evidence proves the Defendant's guilt beyond a reasonable doubt.

Respectfully submitted,

ARTHUR WYATT, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

Date: 8/9/17          By: _____
                          Emily Cohen, Trial Attorney
                          Adrienne Rose, Trial Attorney
                          Narcotic and Dangerous Drug Section
                          Criminal Division
                          U.S. Department of Justice

Date: 8/7/17       Approved By: _____
                                 Amanda Liskamm
                                 Deputy Chief

4

## DEFENDANT'S CONCURRENCE WITH STATEMENT OF FACTS

After consulting with my attorneys and pursuant to the Plea Agreement entered into this day between myself and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____        08/09/17
Raymundo Sanchez Lopez        Date
Defendant

I am the attorney for Raymundo Sanchez Lopez. I have carefully reviewed the above Statements of Facts with him. To my knowledge, his decision to stipulate to these facts is a competent, informed, and voluntary one.

_____        8/9/17
A. Eduardo Balarezo, Esq.        Date
Attorney for Defendant